E-FILED
Tuesday, 17 November, 2009 02:03:01 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| ANTHONY GAY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>YOLANDE JOHNSON, *Warden, Tamms* )<br>*Correctional Center, and* )<br>ATTORNEY GENERAL OF THE STATE )<br>OF ILLINOIS, )<br>)<br>Respondents. ) | Case No. 09-cv-1364 |

## O R D E R  &  O P I N I O N

Petitioner, Anthony Gay, who is an inmate at Tamms Correctional Center, in Tamms, Illinois, originally filed his habeas Petition (Doc. 1) under 28 U.S.C. § 2254 in the Southern District of Illinois; it was received by the Clerk of the Southern District on September 22, 2009. On October 28, 2009, Judge J. Phil Gilbert transferred the case to this District because the court of Petitioner's state conviction is in Livingston County, Illinois, which is within the Central District of Illinois.[1] On November 2, 2009, this Court ordered Petitioner to amend his Petition on the § 2254 form provided by the Court, as the original was missing several pages, and did not provide sufficient factual information for the Court to make the required

---

[1] A state prisoner may file a petition for writ of habeas corpus under 28 U.S.C. § 2254 in either the federal judicial district of his confinement or the federal judicial district of his conviction. Here, Petitioner filed his action in the Southern District of Illinois, since he is held in Alexander County, Illinois, within the Southern District. However, Judge Gilbert transferred the case to this district because it would "be more efficient to let the Central District manage this matter." (Doc. 5).

assessment under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. (Doc. 8). This Amended Petition is now before the Court.[2] (Doc. 12). Concurrently with his original Petition, Petitioner filed a Motion to Proceed in forma pauperis (Doc. 2), and a Motion for Appointment of Counsel (Doc. 3); he has submitted a second Motion to appoint Counsel with the Amended Petition. (Doc. 11). For the reasons stated below, Petitioner's Motion to Proceed in forma pauperis is granted, Petitioner's Motions for Appointment of Counsel are denied, and Respondent will be ordered to respond to the Petition.

## MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner submitted a Motion to Proceed in forma pauperis concurrently with his original § 2254 Petition. (Doc. 2). Under 28 U.S.C. § 1915, the Court may authorize a prisoner to proceed with a lawsuit without prepayment of fees. Petitioner has submitted the required affidavit and certified statement of his prison trust fund account for the last six months. In his affidavit, Petitioner asserts that he has no income or property, and his prison trust fund account statement reflects a negative balance of $1,293.97 as of September 11, 2009; it appears that, throughout the past six months, Petitioner has had a negative balance and no deposits to his account. Therefore, in accordance with § 1915, this Court finds that Petitioner is indigent and incapable of paying the full filing fee at this time.

However, § 1915(b) requires Petitioner to pay an initial filing fee that equals 20% of his average deposits or 20% of his average monthly balance for the preceding

---

[2] As an Appendix to his Amended Petition, Petitioner has also submitted his original Petition, which now includes the pages that were missing from the first submission. (Doc. 12 at 17-27).

6 months, whichever is greater, and to thereafter make monthly payments of 20% of his monthly income until his full filing fee is paid. As discussed above, Petitioner's account has had a negative balance for the past six months, and he has had no deposits in that period. As such, Petitioner is excused from paying an initial filing fee under § 1915(b)(1). Pursuant to § 1915(b)(2), each time the balance in Petitioner's account exceeds $10.00, Petitioner's custodian shall forward to the Clerk, in monthly payments, 20% of the preceding month's income credited to Petitioner's account, until the full $5.00 filing fee is paid.

## PETITION FOR WRIT OF HABEAS CORPUS

In both of his Petitions, Petitioner appears to allege that his constitutional rights to examine witnesses at trial and to effective assistance of counsel were infringed in the state court conviction in Livingston County that resulted in his current confinement. (Docs. 1 & 12). In his Amended Petition, Petitioner fleshes out some of the details of this conviction, such that the Court can now perform the analysis required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Plaintiff indicates that on February 27, 2002, in the Livingston County Circuit Court, in case number 01-cf-76, he was convicted of aggravated battery and sentenced to 8 years of imprisonment. (Doc. 12 at 1). Petitioner alleges that the Livingston County Circuit Court violated his due process rights by "refus[ing] to allow him to interview a material witness" at trial. (Doc. 12 at 5). In addition, Petitioner alleges that his counsel at sentencing was ineffective because he failed to interview Petitioner, and because he did not "present or

attempt to present mitigating evidence," which allegedly resulted in the imposition of an excessive sentence. (Doc. 12 at 6). Pursuant to Rule 4, the Court has examined the Petition and has determined that some of Petitioner's claims could have some merit. Therefore, the Petition will be served upon Respondent, and Respondent will be ordered to submit an answer or other responsive pleading.

### MOTION FOR APPOINTMENT OF COUNSEL

Petitioner submitted a Motion for Appointment of Counsel with his original Petition (Doc. 3), and submitted a new Motion to Appoint Counsel with his Amended Petition (Doc. 11). The first Motion was submitted on a form apparently provided by the Southern District of Illinois, while the second is a handwritten Motion by Petitioner; the Court will consider these two submissions together.

Civil litigants are not entitled to a court appointed attorney. Johnson v. Doughty, 433 F.3d 1001, 1006 (7th Cir. 2006). However, the Court may request an attorney to represent an indigent litigant. 28 U.S.C. §1915(e)(1). Prior to such a request, the litigant must show that he made a reasonable attempt to acquire counsel without Court intervention. Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). After a litigant has made such an attempt, the Court considers whether, "given the difficulty of the case," he appears able to litigate it himself, and, if not, whether appointed counsel would be "reasonably likely to alter the outcome." Id. at 655-56, 660.

Petitioner has not made the threshold attempt of securing counsel without Court intervention, and therefore will not be appointed an attorney. (Doc. 3 at 1).

Furthermore, even if Petitioner had made the requisite attempt, he still is not entitled to counsel. He appears competent to litigate the issues raised in his Petition, and the Court believes that appointed counsel would not be "reasonably likely to alter the outcome." Petitioner asserts that he has several suits pending in state court, in which he has deadlines on November 17 and 18, 2009. (Doc. 11 at 1-2). In addition, Petitioner states that he is "only allowed to use an ink pen three times a week for three two hour periods." (Doc. 11 at 2). This information would not alter the Court's determination, even if Petitioner had made the required attempt to secure counsel on his own. Petitioner's deadlines will be fulfilled on November 18, 2009, so they should not impede his ability to maintain the instant suit in this Court. Further, Petitioner's limited ability to use an ink pen did not impair his ability to present his original or amended Petitions and the related motions in a timely fashion.

In addition to appointment of counsel under 28 U.S.C. §1915, the Court may appoint counsel in a 28 U.S.C. § 2254 case if discovery is required, and must appoint counsel if an evidentiary hearing is set. See Rules Governing Section 2254 Cases in the United States District Courts 6 and 8. Counsel may also be appointed if "the court determines that the interest of justice so require." 18 U.S.C. § 3006A. None of these are applicable at this point in time; the Court will revisit the issue of appointment of counsel under these provisions if it later becomes necessary.

5

IT IS THEREFORE ORDERED:

1.      Petitioner's Motion to Proceed in forma pauperis (Doc. 2) is GRANTED, and Petitioner is EXCUSED from paying an initial filing fee.

2.      Each time the balance in Petitioner's account exceeds $10.00, Petitioner's custodian SHALL forward to the Clerk, in monthly payments, 20% of the preceding month's income credited to Petitioner's account, until the full $5.00 filing fee is paid.

3.      The Clerk SHALL serve a copy of the Amended Petition (Doc. 12) upon Respondent.

4.      Respondent SHALL file an answer or responsive pleading within sixty (60) days after service of the Petition. Respondent should address any facts which would establish whether Petitioner's claims are untimely or procedurally barred. In addition, Respondent should address the merits of Petitioner's constitutional claims and otherwise fully comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

5.      Petitioner MAY file a reply to Respondent's responsive pleading within 30 days of being served with Respondent's responsive pleading.

6.      Petitioner SHALL serve upon the Respondent a copy of every further pleading or other document submitted for consideration by the Court.

7.      Petitioner's Motions for Appointment of Counsel (Docs. 3 & 11) are DENIED.

Entered this <u>17th</u> day of November, 2009.

                                          s/ Joe B. McDade  
                                          JOE BILLY McDADE  
                                          United States District Judge