UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| ANTHONY GAY | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.  09-cv-1364 |
| | ) | |
| YOLANDE JOHNSON, *Warden, Tamms* | ) | |
| *Correctional Center*, | ) | |
| | ) | |
| Respondent. | | |

# O P I N I O N  &  O R D E R

This matter is before the Court on Petitioner Anthony Gay's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 12).  A Response was filed on May 3, 2010 (Doc. 19).  Petitioner did not file a Reply, however he did expand the record with an affidavit.  (Doc. 22).  For the following reasons, the Petition is DENIED.

## PROCEDURAL HISTORY

On January 22, 2002, Petitioner was found guilty of the aggravated battery of a Correctional Officer at the Tamms Correctional Center in Tamms, Illinois.  (Doc. 18 at 1). On February 27, 2002, Petitioner was sentenced to eight years in prison for this offense.  (Doc. 12 at 1).  On direct appeal, Petitioner argued only that the State had failed to prove him guilty beyond a reasonable doubt. (Doc. 12 at 2).  His conviction was affirmed and Petitioner did not file a Petition for Leave to Appeal ("PLA") with the Illinois Supreme Court.

Subsequently, on May 31, 2005, Petitioner filed a *pro se* petition for post-conviction relief. (Doc. 19 at 2). After he was appointed counsel, Petitioner filed a supplemental petition on December 11, 2006. (Doc. 19 at 2). In his petitions for post-conviction relief, Petitioner alleged constitutional violations resulting from (1) the trial court's denial of his motion to interview potential witness Correctional Officer Tracey Nodine; (2) the trial court's decision to allow the People to impeach Petitioner with two of his prior felony convictions; (3) the trial court's denial of his request to call Jack Libby, who wrote a report on the event in question; (4) his sentencing-hearing attorney's failure to consult with him or seek mitigating evidence; (5) the trial court's denial of his motion for a continuance of the sentencing hearing to procure mitigating evidence; and (6) the ineffectiveness of his counsel on direct appeal for failing to raise claims (1)-(5) therein. (Doc. 19 at 2-3). The trial court dismissed Petitioner's original and supplemental post-conviction petitions. (Doc. 19 at 3).

On appeal, Petitioner's counsel sought to withdraw under *Pennsylvania v. Finley*, 481 U.S. 551 (1987) because the appeal lacked any meritorious claim. (Doc. 19 at 3). The appellate court granted counsel's motion, and subsequently affirmed the dismissal of petitioner's post-conviction petitions. (Doc. 19 at 4). In deciding the appeal, the Illinois Appellate Court for the Fourth District held that, under Illinois law, issues that could have been raised by Petitioner on direct appeal but were not were deemed forfeited. (Doc. 20 Exh. A at 3). In Petitioner's case, this meant that

all claims except for that of appellate counsel's ineffectiveness had been forfeited under Illinois law. (Doc. 20 Exh. A at 4).

With regards to Petitioner's claim for the ineffectiveness of his appellate counsel, the Fourth District found that, with regards to appellate counsel's failure to raise the claim that the trial court erred in not allowing Petitioner to interview Correctional Officer Nodine, Petitioner did not provide any evidence or affidavits relating what information Nodine may have added to his defense. (Doc. 20 Exh. A at 5). Under the Illinois Post-Conviction Hearing Act ("Act"), 725 ILCS 5/122-2, Petitioner was required to provide this information. Because he did not, he failed to show that the claim would have been successful on direct appeal and, consequently, that his appellate counsel was ineffective for not raising it. (Doc. 20 Exh. A at 5). Similarly, with regards to Petitioner's claim that his appellate counsel was ineffective for not arguing that Petitioner's counsel at sentencing was ineffective for failure to consult or uncover mitigating evidence, the Fourth District found that Petitioner again failed to provide any relevant evidence that his sentencing hearing counsel would have uncovered. This again meant that, under the Act, Petitioner's claim for ineffective assistance of sentencing-hearing counsel would not have been successful on direct appeal, and thus Petitioner's appellate counsel was not ineffective for failing to raise it. (Doc. 20 Exh. A at 9-10).

In his PLA to the Illinois Supreme Court, Petitioner raised only two claims: 1) a violation of due process based upon the trial court's denial of his motion to interview Correctional Officer Nodine; and 2) his sentencing attorney's failure to

consult with him or seek mitigating evidence. (Doc. 19 at 6). On May 28, 2009, the Illinois Supreme Court denied Petitioner's PLA. (Doc. 19 at 6).

On September 22, 2009, Petitioner filed a Petition for Writ of Habeas Corpus in the United States District Court for the Southern District of Illinois. (Doc. 1). The case was transferred to this Court on November 29, 2009 (Doc. 6), and on November 16, 2009, Petitioner filed the instant Amended Petition for Writ of Habeas Corpus (Doc. 12). In his Amended Petition, which is identical in all material respects to his Original Petition, Petitioner raises only two claims: 1) a violation of due process based upon the trial court's denial of his motion to interview a material witness; and 2) ineffective assistance of counsel at sentencing based upon his sentencing attorney's failure to consult with him or seek mitigating evidence. (Doc. 12 at 6-7).

## LEGAL STANDARD

Before seeking relief in federal court, a petitioner must first fairly present his claims to the state courts. That is, "a prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This principle requires a petitioner to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. If a petitioner fails to raise his claims according to the state courts' procedural rules, he has not given them a full

opportunity to resolve any constitutional issues. *See Woods v. Schwartz*, 589 F.3d 368, 373 (7th Cir. 2009).

The procedural default doctrine provides that "federal courts will not disturb state court judgments based on adequate and independent state law procedural grounds." *Dretke v. Haley*, 541 U.S. 386, 392-393 (2004). Further, "when a state refuses to adjudicate a petitioner's federal claims because they were not raised in accord with the state's procedural rules, that will normally qualify as an independent state ground for denying federal review." *Woods*, 589 F.3d at 373. As previously noted, in Illinois, "failure to raise a claim which could have been addressed on direct appeal . . . results in a bar to consideration of the claim's merits in a post-conviction proceeding." *Sturgeon v. Chandler*, 552 F.3d 604, 611 (7th Cir. 2009). Accordingly, if a petitioner fails to raise a claim on direct appeal, he is defaulted from raising it in a post-conviction proceeding. Further, he has procedurally defaulted his claim in federal court because he has not given the state courts a full opportunity to resolve his constitutional issues.

If Petitioner's claims are procedurally defaulted, they will be barred from federal review unless Petitioner demonstrates cause for the default and actual prejudice as a result. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003). To establish "cause," Petitioner must show that some objective external factor impeded him from pursuing his claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). For example, "a showing

that the factual or legal basis for a claim was not reasonably available . . . or that 'some interference by officials' . . . made compliance impracticable." *Id.*

There is a narrow exception from the "cause and "prejudice" test if Petitioner "can demonstrate that the alleged constitutional error has resulted in the conviction of one who is actually innocent of the underlying offense." *Dretke v. Haley*, 541 U.S. 386, 388 (2004). In order to show actual innocence, Petitioner must point to new evidence that makes it "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536 (2006) (*quoting Schlup v. Delo,* 513 U.S. 298, 327 (1995)). Such evidence includes "documentary, biological (DNA), or other powerful evidence," *Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005); a self-serving statement of the Petitioner alleging actual innocence is not enough. *Hubbard v. Pinchak*, 378 F.3d 333, 340-41 (3d Cir. 2004).

## DISCUSSION

Here, the claims raised by Petitioner in his Amended Petition for Writ of Habeas Corpus are procedurally defaulted. Petitioner did not raise either of his instant claims on direct appeal of his state court conviction. (Doc. 12 at 2). Accordingly, when he raised them on a motion for post-conviction relief, the Illinois Appellate Court for the Fourth District held that, under Illinois law, the claims had been forfeited. (Doc. 20 Exh. A at 3). The forfeiture rule upon which the Fourth District based its decision is an independent and adequate state law ground. *Sturgeon v. Chandler*, 552 F.3d 604, 611 (7th Cir. 2009). Because Plaintiff failed to

6

raise his claims on direct appeal resulting in forfeiture under Illinois law, his claims are procedurally defaulted.

Further, Petitioner has failed to show sufficient cause for his failure to raise his claims on direct appeal.[1] In his Petition, Petitioner states that the claims were not raised because of the ineffectiveness of his appellate counsel. (Doc. 12 at 7). While in certain situations ineffectiveness of counsel may serve as sufficient cause to excuse procedural default, in the instant case the Illinois Appellate Court has already disposed of Petitioner's claim for ineffectiveness of appellate counsel based upon an independent and adequate state law ground. As previously discussed, Petitioner argued that his appellate counsel was ineffective in his petition for post-conviction relief. (Doc. 20 Exh. A at 5). With regards to both Petitioner's claims that 1) his appellate counsel was ineffective for failure to raise claims regarding the trial court's denial of Petitioner's motion to interview Correctional Officer Nodine and 2) his appellate counsel was ineffective for failing to raise claims regarding the ineffectiveness of his sentencing counsel, the Fourth District found that Petitioner had failed to provide proper support pursuant to 725 Ill. Comp. Stat. 5/122-2. (Doc. 20 Exh. A at 5, 9-10).

Because Petitioner's ineffective assistance of appellate counsel claim was denied based upon an independent and adequate state law ground, it too has been procedurally defaulted. *Miranda v. Battaglia*, No. 03 C 7309, 2010 WL 148642, *5 (N.D. Ill. Jan. 11, 2010) (finding that 725 Ill. Comp. Stat. 5/122-2 is an independent

---

[1] Whereas Petitioner makes some argument regarding the cause for his default, he does not argue actual innocence and thus the Court will not consider that exception to the procedural default rule.

and adequate state law ground). Further, a procedurally defaulted ineffective-assistance claim cannot serve as cause to excuse another procedural default. *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). Therefore, unless Petitioner can show cause and prejudice for the procedural default of his ineffective assistance of appellate counsel claim, he is foreclosed from federal review.

Petitioner has made no argument regarding his failure to comply with 725 Ill. Comp. Stat. 5/122-2 during his post-conviction proceedings. Although Petitioner has provided this Court with an affidavit supporting his claim that his sentencing counsel was ineffective, he has not shown cause as to why he failed to provide such affidavits to the Illinois courts when seeking post-conviction relief. Therefore, he has failed to establish cause and prejudice with regards to the procedural default of his ineffective assistance of appellate counsel claim. Because Petitioner is barred from arguing that the ineffectiveness of his appellate counsel was the cause of his failure to raise the instant claims on direct appeal,[2] he has failed to show cause and prejudice, and this Court may not entertain his procedurally defaulted federal claims.

## Conclusion

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus is DENIED. IT IS SO ORDERED.

---

[2] While Petitioner may have argued that there was another cause for his procedural default he did not do so.

8

CASE TERMINATED.

Entered this 26th day of October, 2010.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge