UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ANTHONY GAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.  09-cv-1364 |
| ) | |
| YOLANDE JOHNSON, *Warden, Tamms*) | |
| *Correctional Center*, ) | |
| ) | |
| Respondent. ) | |

## O P I N I O N  &  O R D E R

This matter is before the Court on Petitioner's Request for a Certificate of Appealability ("COA") from this Court's October 27, 2010 Opinion & Order denying his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 30). Petitioner has also filed a Motion for Leave to Appeal in forma pauperis (Doc. 29). For the reasons stated below, the request for a Certificate of Appealability is DENIED and the Motion for Leave to Appeal in forma pauperis is GRANTED.

On October 27, 2010, this Court entered an Opinion and Order denying Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 26). In his Petition, Petitioner raised two claims: 1) a violation of due process based upon the trial court's denial of his motion to interview a material witness, and 2) ineffective assistance of counsel at sentencing. (Doc. 12 at 6-7). The Court found that both of Petitioner's claims had been procedurally defaulted because he had failed to raise them on direct appeal, resulting in forfeiture under Illinois law. (Doc.

26 at 6-7). The Court further found that Petitioner failed to show sufficient cause for their default, as his claim of ineffective assistance of counsel on appeal had also been procedurally defaulted. (Doc. 26 at 7). The Illinois Appellate Court for the Fourth District had denied Petitioner's claim for ineffectiveness of appellate counsel because Petitioner had not put forward any evidence or affidavits supporting his claims, and thus failed to comply with 725 ILCS 5/122-2 . (Doc. 26 at 3).

Under 28 U.S.C. § 2253(c)(1), a petitioner may only appeal from the court's judgment in his habeas case if he obtains a Certificate of Appealability. A Certificate of Appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner need not show that the appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Further, where the district court denies a habeas petition on procedural grounds, such as procedural default, Petitioner must make a showing that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. If the district court denies the request, a petitioner may request that a circuit judge issue the Certificate. FED. R. APP. PROC. 22(b)(1)(3).

In his COA, Petitioner has requested to appeal both of his claims for relief. Petitioner has not put forward any argument as to why this Court's determination that his claims were procedurally defaulted was debatable or incorrect. However, Petitioner has attempted to show cause for his procedural default by alleging that he did not supply the Illinois Appellate Court with affidavits pursuant to 725 ILCS 5/122-2 because the trial court had denied his motion for appointment of investigator. (Doc. 30 at 1). Petitioner did not raise this argument in any of his previous arguments before this Court, and thus it is improper to raise it now in seeking to appeal. *See Rodriguez v. United States*, 286 F.3d 972, 978-79 (7th Cir. 2002). Because Petitioner has not put forth any argument that this Court's determination that his claims were procedurally defaulted was debatable, nor is his presentation of new evidence appropriate at this time, Petitioner's COA is DENIED.[1]

Petitioner has also filed a Motion to Appeal in forma pauperis, which includes affidavit regarding his financial condition stating that he is not employed, has no source of income, and owns no cash, real estate, or other property. (Doc. 29). Because Petitioner has proceeded in forma pauperis before this Court, pursuant to

---

[1] Further, even if Petitioner had raised this argument before this Court, it does not appear that the trial court's denial of his motion to appoint an investigator would serve as sufficient cause for his failure to comply with 725 ILCS 5/122-2 while litigating his claims in the Illinois court system. Notably, the statute provides "The petition shall have attached thereto affidavits, records, or other evidence supporting its allegations *or shall state why the same are not attached.*" 725 Ill. Comp. Stat. 5/122-2 (emphasis added). Accordingly, all Petitioner appears to have needed to do to satisfy the statute is to have alelgedd to the state court what he recently alleged to this Court in his COA. Thus, even if it considered this new evidence, the Court does not find that its procedural ruling would be debatable by reasonable jurists.

3

Federal Rule of Appellate Procedure 24(a)(3) he may appeal in forma pauperis without further authorization unless this Court finds that the appeal is not taken in good faith. Although the Court has denied Petitioner's COA, the standard for determining whether an appeal is in good faith is not as high as the standard governing the issuance of a COA. *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). As such, the Court does not find that Petitioner's request for appellate review is not taken in good faith, and Petitioner's Motion for Leave to Appeal in forma pauperis is GRANTED.

## Conclusion

IT IS THEREFORE ORDERED that Petitioner's Request for a Certificate of Appealability (Doc. 30) is DENIED and Petitioner's Motion for Leave to Appeal in forma pauperis (Doc. 29) is GRANTED.


CASE TERMINATED.


Entered this <u>5th</u> day of December, 2010.

                                               Joe B. McDade  
                                               JOE BILLY McDADE  
                                               United States Senior District Judge